UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID POWELL,

    Petitioner,

                                        Case No. 05-70594

v.

                                        Honorable Patrick J. Duggan

ANDREW JACKSON,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S SECOND MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL AND GRANTING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 2, 2007.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                           U.S. DISTRICT COURT JUDGE

David Powell ("Petitioner"), a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his Fourteenth Amendment right to equal protection was violated when the prosecutor used peremptory challenges to excuse potential jurors on the basis of their race. This Court denied the petition on January 12, 2007. Presently before the Court are Petitioner's second motion to extend the time in which to file a notice of appeal and Petitioner's motion for a certificate of appealability.

## I. Second Motion to Extend Time

Petitioner's counsel admittedly failed to record the March 2, 2007 deadline set in the Court's January 30, 2007 Order granting petitioner's motion to extend time to file a notice of appeal. (Docket No. 21). Petitioner's counsel states that she erroneously made a mental note that the notice of appeal was due on March 9, 2007, and did not discover her error until she began preparing the notice of appeal on March 8, 2007. Petitioner filed both the second motion to extend time and the motion for a certificate of appealability on March 9, 2007.

Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a timely notice of appeal must be filed within thirty days after the judgment or order being appealed is entered. FED. R. APP. P. 4(a)(1)(A). Rule 4(a)(5) applies to a motion for extension of time and provides:

> (A) The district court may extend the time to file a notice of appeal if:
>   (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>   (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with the local rules.
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

FED. R. APP. P. 4(a)(5). "Good cause [is] found where forces beyond the control of the

2

appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)(citations omitted). This Court believes that counsel's erroneous "mental note" was not due to a force beyond her control.

Furthermore, "[e]xcusable neglect has been held to a strict standard which is met only in extraordinary cases." *Id.* (citations omitted). However, excusable neglect includes "both simple, faultless omissions to act and omissions caused by carelessness." *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996)(applying the analysis in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489 to civil appeals). Here, counsel's mistake was undoubtedly caused by carelessness. However, counsel states that she has not made such an error in her twenty-three years of practicing law. (Pet.'s Second Mot. To Extend at 2). Thus, this Court finds that Petitioner's prompt attention to this infrequent oversight amounts to excusable neglect.

This does not end the inquiry. Once excusable neglect is shown, this Court must determine whether "there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration . . . ." *Thompson*, 82 F.3d at 702. Here, the Court cannot discern any evidence of bad faith. Moreover, Respondent/Appellee, having been served in accordance with the local rules, has not raised any issues of prejudice, and this Court does not believe an extension of time will result in prejudice to judicial administration.

Therefore, Petitioner is entitled to an extension of time to file a notice of appeal. Petitioner filed the second motion to extend time and the motion for a certificate of appealability on March 9, 2007. Thus, the extension from March 2, 2007, the deadline set

after this Court granted the first motion to extend time, to March 9, 2007, the date Petitioner filed the second motion to extend time and the motion for a certificate of appealability, is within time limits provided in Rule 4(a)(5)(C).

## II.  Certificate of Appealability

An appeal from a district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). Furthermore, "[a] certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* §2253(c)(2); *see also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "Where a district court has rejected a petitioner's constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurist's would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003).

This Court continues to believe that the state courts' conclusions allowing the prosecutor to use of peremptory challenges to excuse potential jurors were not unreasonable applications of, or contrary to, *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986). Nevertheless, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review of the following issue presented in his § 2254

4

petition: "Was the issue of the prosecution's purposeful racial discrimination in the exercise of its peremptory challenges incorrectly decided by the Michigan Courts for the decisions were contrary to and an unreasonable application of the decision in *Batson v. Kentucky*?"  (Petitioner's Mem. In Supp. at v).

Consequently, the Court concludes that Petitioner has shown that "jurists of reason would find it debatable" whether the district court was correct in dismissing his § 2254 petition.

Accordingly,

**IT IS ORDERED**, that the Petitioner's second motion to extend time to file an appeal is **GRANTED;**

**IT IS FURTHER ORDERED**, that Petitioner's motion for a certificate of appealability is **GRANTED**.

> s/PATRICK J. DUGGAN
> UNITED STATES DISTRICT JUDGE

Copies to:
Carolyn A. Blanchard, Esq.
Debra M. Gagliardi, Esq.